IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ULTRA CLEAN HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TFG -CALIFORNIA, L.P., and TETRA FINANCIAL GROUP, L.L.C., <br><br> Defendants. | ORDER and MEMORANDUM DECISION <br><br> Case No. 2:09-cv-904 CW |

This case has been litigated for some time and with considerable diligence by the parties, and there are cross motions for summary judgment pending. At this time, the court has been working on completing an opinion that would resolve those motions. As the court was preparing the opinion, however, a potential problem with subject matter jurisdiction became apparent that has not yet been addressed in this action.

Specifically, Plaintiff Ultra Clean Holdings, Inc. invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal jurisdiction. But, as explained below, the complaint does not allege sufficient facts to show that the requirements of § 1332 are met. Because a court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and *at every stage of the proceedings*," *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (emphasis added), Ultra Clean must make further showings to satisfy the court that it has diversity jurisdiction in this case.

The court's basis for uncertainty on diversity jurisdiction is that "for entities other than corporations," the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of . . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas*

*Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990), internal quotations omitted). In this case, Ultra Clean, a citizen of Delaware and California, has brought an action against TFG-California, L.P. and Tetra Financial Group, L.L.C. Ultra Clean, however, has not plead the citizenship of the limited partners of TFG-California or of the members of Tetra Financial Group. Until Ultra Clean establishes that there is complete diversity between Ultra Clean and the limited partners and members of Defendants, the court cannot conclude that there is complete diversity here.

The court's concern over subject matter jurisdiction is based on the real possibility that if there is no complete diversity here, everything that happens in this action will be for naught. In the recent case of *In re C and M Props., L.L.C.*, 563 F.3d 1156, 1161 (10th Cir. 2009), the Tenth Circuit *sua sponte* raised the question of subject matter jurisdiction in a case it was reviewing. After finding that the district court had no subject matter jurisdiction after a remand order had been filed, the *C and M* Court erased four year's worth of litigation in federal court that had occurred after the remand order. *See id.* The Tenth Circuit likened the district court proceedings once subject matter was no longer present to "playing 'air guitar'" and "shadowbox[ing]." *Id.* at 1162. To explain this seemingly drastic step, the Tenth Circuit stated that:

> Federal courts do not wield plenary jurisdiction, and attention to our "subject matter jurisdiction . . . is not a mere nicety of legal metaphysics," but instead rests on "the central principle of a free society that courts have finite bounds of authority." *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 77. . . (1988). We must assure ourselves of federal subject matter jurisdiction even where, as here, both sides wish us to hear their dispute and our inability to do so would, regrettably, add delay and expense to the resolution of an already aged and costly lawsuit.

*Id.* at 1161.

To avoid the situation that arose in *C and M*, and to definitively resolve the question of

whether the court has diversity jurisdiction, Ultra Clean is ORDERED to demonstrate that complete diversity is present in this case.  Any factual submission Ultra Clean wishes to make in this regard is due 30 days from the date of this Order.  If Defendants wish to challenge any factual assertion Ultra Clean makes, they may do so 15 days after any filing by Ultra Clean.  If Ultra Clean does not satisfy the court that it has jurisdiction here, the action will be dismissed.  If Ultra Clean satisfies the court that it has diversity jurisdiction, the court is prepared to issue a ruling on the pending motions.

SO ORDERED this 25th day of February, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge